## Castro *v.* Seeberger, Collector.

*(Circuit Court, N. D. Illinois. July 18, 1889.)*

1. Customs Duties — Action to Recover Excess — Purchaser Pending Appeal to Secretary of Treasury.

    Under Rev. St. U. S. § 2931, which provides for an appeal to the secretary of the treasury, by the owner, importer, consignee, or agent of the merchandise, from the decision of the collector in ascertaining the duties, and makes the decision on appeal final, unless suit shall be brought within a certain time thereafter, a person who purchases merchandise of the importer, while in bond and pending an appeal, may sue for the excess of duties claimed to have been paid.

2. Same — Classification — Scrap Tobacco.

    Tobacco composed of fragments broken or cut off in the manufacture of cigars, and known to the trade as "scrap tobacco," is dutiable as unmanufactured tobacco, under Tariff Act March 3, 1883, (Heyl, cl. 251.) Following *Cohn* v. *Spalding,* 24 Fed. Rep. 19.

At Law.

Action by Daniel Castro against Anthony F. Seeberger, collector of customs, to recover the excessive duty claimed to have been levied on certain tobacco imported by the Roper & Baxter Cigar Company, and sold to plaintiff.

*Shuman & Defrees,* for plaintiff.

*W. G. Ewing,* U. S. Atty., and *G. H. Harris,* Asst. U. S. Atty., for defendant.

Blodgett, J. The Roper & Baxter Cigar Company imported into the port of Chicago a quantity of tobacco clippings, being the ends cut off, and pieces of leaf broken from, cigars in process of manufacture, upon which the collector assessed a duty of 40 per cent. per pound, as "manufactured tobacco," under clause 249 of Heyl's Arrangement of the act of March 3, 1883. The importers insisted that said tobacco was dutiable at 30 per cent. *ad valorem,* as "unmanufactured tobacco," under clause 251 of Heyl, protested, and appealed to the secretary of the treasury, by whom the action of the collector was affirmed. After the assessment of duties, as aforesaid, and pending such appeal, the tobacco remained in bond, and while the appeal was pending plaintiff purchased the tobacco from the importer. After the decision of the appeal plaintiff paid the duties so assessed in order to obtain possession of the tobacco, and brought this suit in apt time, after the decision of the appeal, to recover the difference between the duties assessed and paid, and the rate contended for by the importer.

The question as to the classification and rate of duty upon tobacco clippings, like the goods in question, was fully considered and decided by this court in *Cohn* v. *Spalding,* 24 Fed. Rep. 19, and I see no reason for changing the ruling there made.

But it is further contended in behalf of defendant that as plaintiff did not import this tobacco, and was not the owner, consignee, or agent of the goods at the time they were classified, and the duties imposed upon them by the collector, and did not take the appeal to the secretary of

the treasury, he cannot maintain this suit to recover the excess of duties claimed to have been paid. Section 2931 of the Revised Statutes provides for an appeal to the secretary of the treasury by the owner, importer, consignee, or agent of the merchandise, if dissatisfied with the action of the collector in the ascertainment and liquidation of the duties; and the contention is that, as plaintiff was neither the owner, importer, or agent of the goods at the time the duties were assessed, he is not one of the persons allowed to bring suit, under the law, to recover the duties so paid. It seems to me that a liberal interpretation of this provision of the statute authorizing a suit to test the legality of the collector's action in the matter of the assessment of duties should be given so as, if possible, to bring all cases which may occur in the course of business before the proper tribunal for adjudication. In the case before us there is no doubt but that the importer of the goods, who was also the owner at the time they were imported, entered, and the duty assessed, took the proper steps to question before the courts the action of the collector. A protest in due form was made, and an appeal to the secretary of the treasury taken from the collector's action, and pending such appeal the importer sold the goods, which still remained in bond, to the plaintiff, and after the decision of the appeal the plaintiff, having become the owner of the goods, paid the duties exacted, and against which due protest had been made. The purchase by him virtually places him in the shoes of the importer. He takes the goods with the contest upon them, and it seems to me he has the election to continue the contest, which the importer had commenced by the protest and appeal, by asking the judgment of the court in regard to the validity of the classification and assessment for duty made by the collector. I cannot see how any harm can come to the government or to the collector from this construction of the law. The only objection that is seriously urged to it is that it would be in the power of the importer to split an importation up into many cases, by selling the goods in bond to different persons, and allowing each of them to maintain a suit for the duties paid upon the portion so purchased; but this is not so serious an objection as would be a ruling which should prevent a sale by the importer pending a contest as to the validity of the collector's action. If the owner or importer who has appealed can only bring the suit, an importer or owner would be compelled to hold the goods, perhaps greatly to his loss, until the contest is decided by the secretary of the treasury, or submit to the exaction of the collector's assessment, and if a purchaser who has paid the duties, properly protested against, cannot maintain a suit, then no one has any remedy. I am therefore of opinion that the objection taken to the right of the plaintiff to maintain this action as to the Roper & Baxter Cigar Company tobacco is not well taken, and that the plaintiff is entitled to recover as to all the tobacco in question in this case.